IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Eli J. Duffey, | : | |
| | : | Case No. 2:11-cv-16 |
| Plaintiff, | : | |
| | : | Judge Edmund A. Sargus, Jr. |
| v. | : | |
| Gregory S. Pope, et al., | : | Magistrate Judge Norah McCann King |
| | : | |
| Defendants. | : | |
| | : | |

**AGREED PROTECTIVE ORDER**

Upon agreement of the parties, the Court hereby enters the following Agreed Protective Order:

1. "Confidential Information" shall mean any information, whether oral or written, produced during the course of discovery in this matter which is believed in good faith by the producing party to constitute, reflect or disclose its Confidential Information as that term is understood under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Information obtained from public sources or that is in the public domain shall not be deemed confidential.

2. "Attorney's Eyes Only" information shall mean any information, whether oral or written, produced during the course of discovery in this matter which is believed in good faith by the producing party to constitute, reflect or disclose information of such a confidential nature that it is for review and use of the attorneys and their staff. It will only be disclosed to the client, if necessary, after a court order.

3. At the time, Confidential Information and/or Attorney's Eyes Only information is produced, the person producing the Confidential Information and/or Attorney's Eyes Only information, whether a party or a non-party responding to a subpoena, shall designate the

information it believes in good faith is entitled to confidential treatment as "CONFIDENTIAL" or "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY".

4. In the event of an inadvertent omission of the "CONFIDENTIAL" or "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY" designation from any item containing Confidential Information and/or Attorney's Eyes Only information, the producing person shall notify the receiving person promptly upon discovery of the omission, and the receiving person will promptly apply the appropriate "CONFIDENTIAL" or "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY" label in accordance with this Agreed Protective Order, and, thereafter, treat the material as Confidential Information and/or Attorney's Eyes Only information in the manner set forth in this Agreed Protective Order..

5. Deposition testimony that constitutes, reflects or discloses Confidential Information and/or Attorney's Eyes Only information may be designated "CONFIDENTIAL" or "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY" either on the record at the deposition or upon written notice to all parties within seven (7) days after the deposition.  If deposition testimony is designated as Confidential Information and/or Attorney's Eyes Only information, that testimony shall be transcribed separately, designated as "CONFIDENTIAL" or "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY" and filed under seal if it is filed with the Court.

6. A non-party subject to a subpoena that the non-party believes requires the production of Confidential Information and/or Attorney's Eyes Only information is permitted to

designate that information as such and is provided the same protections under this Agreed Protective Order as are the parties to this litigation.

7. If a party reasonably anticipates using Confidential Information and/or Attorney's Eyes Only information at a hearing or trial, the party anticipating its use shall provide written notice to the party producing the Confidential Information and/or Attorney's Eyes Only information of its intention to use the Confidential Information and/or Attorney's Eyes Only information at least seven days prior to the hearing or trial. If a hearing that requires the use of the Confidential Information and/or Attorney's Eyes Only information is scheduled with less than seven days notice, the party desiring to use the Confidential Information and/or Attorney's Eyes Only information, upon learning of the hearing, shall give immediate notice of its intention to use the Confidential Information and/or Attorney's Eyes Only information in association with the hearing.

8. If a party uses a non-party's Confidential Information and/or Attorney's Eyes Only information at a deposition in this matter, that party shall give the non-party written notice within two days following the deposition that the Confidential Information and/or Attorney's Eyes Only information was used. Upon receipt of that notice, the non-party whose Confidential Information and/or Attorney's Eyes Only information was disclosed at the deposition, hearing or trial shall have fourteen (14) business days from receipt of the written notice to designate the confidentiality of the transcript or portion thereof. Until expiration of the fourteen (14) business day period during which the producing non-party shall have the opportunity to deem the transcript, or a portion thereof, confidential, the parties agree that the entire contents of the transcript shall be treated as Confidential Information and/or Attorney's Eyes Only information.

9. A party shall not be obliged to challenge the propriety of a Confidential Information and/or Attorney's Eyes Only information designation at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event a party objects to the designation or non-designation of any particular deposition testimony, document, discovery response or other thing as Confidential Information and/or Attorney's Eyes Only information, the parties (and non-party if non-party Confidential Information and/or Attorney's Eyes Only information is involved) shall meet and confer in an attempt to informally resolve the dispute. If the parties (and non-party if non-party Confidential Information and/or Attorney's Eyes Only information is involved) cannot informally resolve the dispute, after giving reasonable notice to the designating party, the objecting party may file a motion with the Court for a determination of whether such evidence actually qualifies as Confidential Information and/or Attorney's Eyes Only information. If no such motion is made, the material will retain its designation. Any documents or other materials that have been designated as Confidential Information and/or Attorney's Eyes Only information shall be treated as confidential until such time as the Court, or any magistrate to whom the matter is assigned, rules that such materials should not be treated as Confidential Information and/or Attorney's Eyes Only information. The person or party designating information as Confidential Information and/or Attorney's Eyes Only shall have the burden of demonstrating the reasonableness of that designation.

10. All Confidential Information and/or Attorney's Eyes Only information produced during discovery shall be maintained in strict confidence and shall be disclosed only to the following individuals as appropriate and only as necessary for the conduct of this action: (a) the parties identified in this action with the exception of Attorney's Eyes Only information, (b)

attorneys, members and employees of counsels' firms who are engaged in the preparation for trial or the trial of this action, (c) court reporters in the performance of their official duties, (d) this Court or any other court before which the litigation is pending, including any court personnel, (e) with respect to a particular item of information or document, persons, including parties, who prepared or assisted in the preparation of that item or document, or to whom the item or document or a copy thereof was addressed or delivered, (f) expert witnesses or consultants who have been informed that they are bound by this Agreed Protective Order and are retained solely for purposes of this litigation, and (g) witnesses at depositions or hearings or in preparation for depositions or hearings.

11. Any party seeking to file with or submit to the Court a document containing Confidential Information and/or Attorney's Eyes Only information shall file a Motion with the Court to have the document under seal. The Court will determine if there is good cause to file the document under seal. If the Court grants the Motion, the document shall be filed under seal and shall not be disclosed except as provided in the Agreed Protective Order.

12. If any Confidential Information and/or Attorney's Eyes Only information is filed with or submitted to the Court without a Motion to File under Seal, any party may file such a Motion with the Court. The Court will determine if there is good cause to file the document under seal.

13. Any person receiving Confidential Information and/or Attorney's Eyes Only information under the terms of this Agreed Protective Order shall make no use of the information for any purpose other than preparation for trial and the trial of this action and any pretrial or post-trial proceeding in this action and this action only.

14. Within thirty (30) days after termination of this action, whether by settlement, judgment or otherwise, all Confidential Information and/or Attorney's Eyes Only information, shall be returned to counsel of record for the party who disclosed the Confidential Information and/or Attorney's Eyes Only information.  All individuals to whom Confidential Information and/or Attorney's Eyes Only information was disclosed in accordance herewith shall also return such information to counsel of record for the disclosing party within thirty (30) days after termination of this action.  In the alternative, individuals in possession of Confidential Information and/or Attorney's Eyes Only information may certify in writing that the Confidential Information and/or Attorney's Eyes Only information was destroyed within thirty (30) days after termination of this action.  As to those materials that contain or reflect Confidential Information and/or Attorney's Eyes Only information but constitute or reflect counsels' work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Agreed Protective Order, so long as it is clearly marked to reflect that it contains information subject to this Agreed Protective Order.  Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information and/or Attorney's Eyes Only information, so long as such materials are clearly marked to reflect that they contain information subject to this Agreed Protective Order.

15. Upon final resolution of this action and exhaustion of all rights of appeal, this Agreed Protective Order shall remain in effect and continue to be binding, unless expressly modified, superseded or terminated by consent of all parties or by Order of the Court.  This Court expressly retains jurisdiction over this action for the enforcement of the provisions of this

Agreed Protective Order during the litigation of this action and following final resolution of this action.

16. By the signatures of counsel below, as duly authorized agents of the respective parties, the parties are bound by the terms of this Agreed Protective Order.

17. Compliance with the terms of this Agreed Protective Order shall not operate as an admission by any party that any particular document is or is not confidential.

IT IS SO ORDERED

March 26, 2012  *s/ Norah McCann King*
Date   Norah McCann King, Magistrate Judge

APPROVED:

LANE, ALTON & HORST, LLC

/s:/ Christopher R. Pettit_____  /s:/ Rachel K. Robinson_____
Christopher R. Pettit (0069926)   Rachel K. Robinson (0067518)
Two Miranova Place, Suite 500   57 Jefferson Avenue, Suite G100
Columbus, Ohio 43215   Columbus, Ohio 43215
Email: cpettit@lanealton.com   Email: rachel.robinson.law@gmail.com

Attorney for Defendants Gregory S. Pope & Pope Law Office

/s:/ Edward A. Icove_____
Edward A. Icove (0019646)
550 Public Square, Suite 627
Terminal Tower
Cleveland, Ohio 44113
ed@icovelegal.com

/s:/ Stephen R. Felson_____
Stephen R. Felson (0038432)
215 East Ninth Street, Suite 650
Cincinnati, Ohio 45202
SteveF8953@aol.com

Attorneys for Plaintiff Eli J. Duffey