UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELI J. DUFFEY,

      Plaintiff,

                                      Case No. 2:11-cv-16

  v.                             JUDGE EDMUND A. SARGUS, JR.

                                        Magistrate Judge Norah McCann King

GREGORY S. POPE, et al.,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court on Defendant Gregory S. Pope and Pope Law Office's ("Pope Defendants") Motion for Summary Judgment (Doc. No. 64), Defendant Winona Holdings' Motion for Summary Judgment (Doc. No. 65) and Plaintiff Eli Duffey's ("Duffey") Motion for Partial Summary Judgment (Doc. No. 66). For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** the Pope Defendants' and Winona Holdings' motions and **GRANTS** Duffey's motion.

**I. BACKGROUND**

On August 24, 2006, Duffey purchased a used vehicle from Budget Car Sales, a business located in Franklin County, Ohio. Duffey paid a $2,600 down payment with a check drawn on his bank account and financed the remaining $13,674.99. Duffey's monthly payments were set at $388.79 for 60 months beginning October 8, 2006. Duffey testified that he had an agreement with Budget Car Sales that it would hold his down payment check until August 30, 2006 or September 15, 2006.[1] The contract between Duffey and Budget Car Sales does not include this

---

[1] Duffey first testified that Budget Car Sales agreed to hold the check until August 30, 2012, then later testified that he believed September 15, 2012 was date upon which Budget agreed. (Duffey Dep. at 172-73.)

agreement.  Budget Car Sales negotiated the check before August 30, 2006 and it was returned for insufficient funds.  Duffey's bank account did not hold sufficient funds to cover the check at any time between when it was written and September 15, 2006.  (Duffey Dep. 52-55, 74, 124-128, Exs. A, C.)

Duffey has never paid any amount on the $2,600 down payment check and he failed to make any installment payments on the contract for the vehicle.  *Id.* at 89-92, Ex. D.  Duffey registered the vehicle in his name and drove it until November 2006 when he wrecked it.  *Id.* at 92-3, Ex. B.  Duffey left the vehicle at a repair shop where it was repossessed for failure to make payments.  *Id.* at 96, 104.

On December 6, 2006, Winona Holdings purchased Duffey's dishonored check from Budget Car Sales.  Winona Holdings sent correspondence to Duffey on September 6, 2006, September 15, 2006, November 10, 2006, May 1, 2008 and August 25, 2008, demanding payment on the $2,600 check.  Winona Holdings' personnel also spoke on the telephone several times with Duffey about payment of the check during this time period.  (Karnath[2] Dep. at 47, Ex. 14.)  In January 2007, Winona Holdings sent Duffey an Internal Revenue Service Form 1099-C Cancellation of Debt notice reflecting debt cancellation income of $2,600.  (*Id.* at 62-3; Duffey Dep. 108, Ex. 34.)  Duffey assumed at this time that Winona Holdings had waived its right to collect on the $2,600 check.  (Duffey Dep. at 109.)

Winona Holdings retained the Pope Defendants to attempt to collect on Duffey's dishonored check.  On June 12, 2007, the Pope Defendants sent Duffey a letter demanding payment on the $2,600 check, plus payment of liquidated damages, administrative costs and bank

---

[2]James W. Karnath is the owner of Winona Holdings.

fees.  Duffey did not respond to the letter.

On December 1, 2009, the Pope Defendants filed a complaint on behalf of Winona

Holdings in the Franklin County Municipal Court, *Winona Holdings, Inc. v. Eli J. Duffey*, Case

No. 2009 CVF 052504.  (Doc. No. 66-6.)  The complaint listed the plaintiff as "WINONA

HOLDINGS, INC. assignee of BUDGET CAR SALES" and asserted two counts.  The first count

indicates that it was brought pursuant to Ohio Revised Code §§ 2307.60 and 2307.61 and alleged

that Duffey committed a theft offense by issuing or transferring a check, knowing that it would

be dishonored for the purpose of defrauding Budget Car Sales.  The second count alleged that

Duffey breached his contract as a drawer of a dishonored check pursuant to Ohio Revised Code §

1303.54.

The summons in the state court action listed the plaintiff as Winona Holdings.  On

February 2, 2010, Duffey filed a response to the complaint.  Duffey attached to his response an

Internal Revenue Service Form 1099-C that listed Winona Holdings as the creditor.  The

following day, the Municipal Court entered a referral to determine whether the document was

filed appropriately.  That entry listed Winona Holdings as the plaintiff.  On February 24, 2010,

the Municipal Court rejected Duffey's response as an official answer to the complaint.  The

Municipal Court's Order listed Winona Holdings as the plaintiff.  The Municipal Court's Notice

to Duffey of the Order also listed Winona Holdings as the plaintiff.

On March 3, 2010, the Pope Defendants moved for default judgment.  The motion for

default judgment incorrectly listed the plaintiff as Budget Car Sales.  On March 8, 2010, Duffey

was served notice of the motion for default judgment.  The Municipal Court's Notice listed

Winona Holdings as the plaintiff.  On March 17, 2010, Duffey filed a response to the motion for

3

default judgment, referring only to the case number, not the party designations.

On March 17, 2010, the Municipal Court entered default judgment against Duffey. The judgment entry incorrectly listed the plaintiff as Budget Car Sales. However, the Municipal Court's Order listed the judgment for "Winona Holdings, Inc-Plaintiff." Duffey was provided with a copy the Municipal Court's Order listing the judgment for Winona Holdings.

On August 3, 2011, the default judgment was reversed by the Court of Appeals for the Tenth Appellate District. The appellate court's Judgment Entry listed Winona Holdings as the plaintiff.

On January 6, 2011, Duffey brought this action on behalf of himself and three classes of similarly situated persons. Duffey moved for class certification (Docs. No. 30) and the Pope Defendants and Winona Holdings (together "Defendants") opposed that motion (Doc. No. 33). In his complaint, Duffey alleges that Defendants engaged in unfair debt collection practices by listing Budget Car Sales as the plaintiff in some of the state court debt collection case filings, by filing lawsuits in an improper venue, and by filing a debt collection action that was barred by the applicable statute of limitations. Duffey withdrew the claim related to venue.

On May 30, 2012, the Pope Defendants moved for summary judgment on both of Duffey's claims for relief. (Doc. No 64.) On July 6, 2012, Duffey filed his memorandum in opposition (Doc. No. 76), and on July 19, 2012, the Pope Defendants filed their reply brief (Doc. No. 76).

On May 30, 2012, Winona Holdings also moved for summary judgment on both of Duffey's claims for relief. (Doc. No. 65.) Duffey filed his memorandum in opposition on July 5, 2012 (Doc. No. 70), and on July 19, Winona Holdings filed its reply brief (Doc. No. 75).

4

On May 30, 2012, Duffey moved for partial summary judgment on the liability aspect of his claim for relief related to the filing of claims outside of the applicable statute of limitations. (Doc. No. 66.)  On July 6, 2012, Winona Holdings filed its memorandum in opposition (Doc. No. 72), and on July 12, 2012, the Pope Defendants filed their memorandum in opposition (Doc. No. 74).  Duffey filed his reply briefs on July 23, 2012.  (Docs. No. 77, 78.)

## II. STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Liberty Lobby, Inc.*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the requirement that a dispute be "genuine" means that there must be more than some metaphysical doubt as to the material facts").  "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

## III. ANALYSIS

Duffey brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code §§ 1345.01 *et seq.*

## A. FDCPA

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "In determining whether a debt collector's practice is deceptive within the meaning of the [FDCPA], courts apply an objective test based on the understanding of the 'least sophisticated consumer.'" *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 400 (6th Cir. 1998) (citing *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993)). This standard "protects all consumers, the gullible as well as the shrewd." *Gionis v. Javitch, Block & Rathbone*, 405 F. Supp. 2d 856, 864 (S.D. Ohio 2005) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). "[A]lthough this standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Federal Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 509-510 (6th Cir. 2007) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3rd Cir. 2000)) (alteration in original).

### 1. Incorrect Use of Budget Car Sales' Name in State Court Action

Duffey asserts that Defendants violated the FDCPA by making false, deceptive, confusing or misleading representations in the collection case filed against him in the Franklin County Municipal Court because the plaintiff was identified as Winona Holdings on some pleadings, including the complaint and other court orders or entries, and on a few occasions was identified as Budget Car Sales. Defendants move for summary judgment on this claim. The Court will determine this issue as a matter of law. *See Jordan v. Thomas & Thomas*, 2007 U.S. Dist. LEXIS 71404. *32, n. 8 (S.D. Ohio Sept. 26, 2007) ("The ultimate determination of whether certain

6

conduct is deceptive, unfair, or unconscionable may often turn on questions of fact that preclude summary judgment. However, there may also be cases in which the parties do not dispute the allegedly deceptive, unfair, or unconscionable conduct, in which event the court may determine as a matter of law whether the undisputed conduct amounts of a violation of the FDCPA."). When considering this issue in the context of an underlying court case, this Court has explained that the least sophisticated consumer "'standard assumes that a Validation Notice [or, as in this case, a state court complaint] is read in its entirety, carefully and with some elementary level of understanding.'" *Miller v. Javitch, Block & Rathbone*, LLP, 534 F. Supp. 2d 772, 775 (S.D. Ohio 2008) ("*Miller I*"), *aff'd* 561 F.3d 588 ("*Miller II*") (quoting *Federal Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 510 (6th Cir. 2007)) (alteration in original).

Defendants admit that they incorrectly indicated that Budget Car Sales was the plaintiff in a few of the filings made in the state court collection action. However, this mistake is not material. Materiality is a requirement under § 1692e of the FDCPA. *Miller II*, 561 F.3d at 596-597. "A statement cannot mislead unless it is material, so a false but non-material statement is not actionable." *Id.* (citing *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 646-647 (7th Cir., 2009)). "If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA–even if it is false in some technical sense. For purposes of § 1692e, then, a statement isn't 'false' unless it would confuse the unsophisticated consumer." *Wahl*, 556 F.3d at 645-46 (citation omitted). The *Miller II* court quoted with approval the Seventh Circuit, which explained:

> Section 1692e does not require clarity in all writings. What it says is that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." A rule against trickery

differs from a command to use plain English and write at a sixth-grade level.

*Miller II*, 561 F.3d at 593–94 (quoting *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir., 2007)) (alteration in original).

In the case *sub judice*, the mere use of Budget Car Sales' name as the plaintiff in court documents filed after the complaint did not violate the FDCPA because that use was immaterial and not misleading. Duffey does not contend that the complaint was deceptive in that Defendants set out to trick him into paying a debt that he did not owe, or to mislead him into paying the wrong person. *See Beler*, 480 F.3d at 473 ("Beler does not contend that the complaint was deceptive and that the Law Firm set out to trick her into paying money she does not owe, or to mislead her into paying the wrong person."). There is no dispute that the collection action was properly filed as "Winona Holdings, Inc., assignee of Budget Car Sales," and that Duffey owed that debt. Winona Holdings was listed as the plaintiff in the complaint, listed as the plaintiff on the summons received by Duffey, and listed as the plaintiff on the Franklin County Municipal Court's docket. All of the notices sent to Duffey also listed Winona Holdings as the plaintiff. Finally, the Municipal Court's Order listed the judgment for "Winona Holdings, Inc.- Plaintiff." Thus, at all times during the collection action, Winona Holdings was the proper party regardless of the use of Budget Car Sales' name in some documents.

Further, while Duffey has pointed out that Winona Holdings filed 139 state court complaints in 2009 and 87 in 2010, and that some of the filings in those cases at times interchangeably referred to the plaintiff as the original holder of the check and Winona Holdings, he presents no evidence to show that any of these consumers were confused or that any consumer would have been deceived by those filings. *See Miller I*, 534 F. Supp.2d at 776 ("Plaintiff has

presented no affidavits, other than one from Plaintiff's counsel, no surveys, no expert opinion, nothing to demonstrate that a genuine issue of fact exists.") (citing *Taylor v. Cavalry Investment, L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004) (finding a single affidavit would be an "unavailing" form of proof to find that a genuine issue of fact exists) and *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 760 (7th Cir. 2006) (concluding that a "carefully designed and conducted consumer survey is one way to create a triable issue of fact as to how an unsophisticated consumer would interpret a collection letter")).  Duffey failed to produce any evidence, such as surveys, testimony from an expert witness or testimony from other putative members of the three proposed classes, to support his claim that the least sophisticated consumer could have been confused in circumstances such as those he confronted.

Moreover, by all indications Duffey himself was not confused.  Duffey was served with the state court complaint and the Pope Defendants' letter of June 12, 2007 that was attached to the complaint that identified the plaintiff as "Winona Holdings, Inc. assignee of Budget Car Sales."  Both documents invited Duffey to contact the Pope Defendants if he wanted the name and address of the original creditor.  Winona Holdings' debtor notes show that Duffey had regular communication with its personnel about the returned check and never expressed any confusion or misunderstanding about what debt was being collected or to whom the debt was owed.  In response to the motion for default judgment, Duffey stated, "I deny this claim because as of 12/31/2006 when I received a 1099-misc cancellation of the debt (SEE ATTACHED) for the amount the plaintiff is requesting and was required to file with my taxes as I did, that this debt was satisfied."  (Doc. No. 65, Ex. E) (emphasis in original).  Duffey then concluded: "I am not responsible for the original amount in question or the following fees associated that the

9

plaintiff is asking for." *Id.* The incorrect use of Budget Car Sales' name did not limit Duffey's

ability to make an intelligent response to the motion for default judgment. Duffey did not profess

any confusion in his state court filings, where it is clear that Duffey understood that the case

involved the bad check he wrote to Budget Car Sales in the amount of $2,600 and that Winona

Holdings was seeking payment on that check.

Duffey argues that his deposition testimony shows that he was confused by the incorrect

use of Budget Car Sales in the collection action. Careful review of Duffey's testimony, coupled

with his actions during the state court case, leave the firm impression that he was not confused;

however, even if his testimony does indicate that he was confused, without more, that testimony

cannot establish the existence of a genuine issue of material fact. *Miller I*, 534 F. Supp2d at 777

("the Court does not find that this testimony alone, without more evidence, supports that a

genuine issue of fact exists") (citing *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 f.3d

1057, 1061-62 (7th Cir. 2000) (holding that a plaintiffs self-serving deposition testimony was not

enough for her FDCPA claim to survive summary judgment)).

Based on the foregoing, the Court concludes that, on the facts before it in this case, no

reasonable jury could find in favor of Duffey on his claim that Defendants violated the FDCPA

by listing Budget Car Sales as the plaintiff in some of the state court filings. Accordingly,

Defendants are entitled to summary judgment on that claim.

## 2. Filing Claim Outside of Limitations Period

Duffey and Defendants move for summary judgment on this claim. Duffey posits, and

Defendants do not dispute, that the filing of time-barred collection suits violates the FDCPA.

*See Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 332 (6th Cir. 2006) ("Although we

10

have never addressed the issue and express no opinion on the question, we note that courts in other circuits have held that the filing of a lawsuit to collect a debt that is barred by the statute of limitations violates several subsections of 15 U.S.C. § 1692e, which prohibits a debt collector from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'") (surveying case law); *Deere v. Javitch*, 413 F. Supp. 2d 886 (S.D. Ohio 2006) ("Filing a complaint to collect a debt that has been extinguished by the passage of time clearly falls within Section 1692e(2), prohibiting false representations about the character or legal status of any debt. It may also violate Section 1692f, which prohibits "unfair or unconscionable" methods of debt collection."); *Canterbury v. Columbia Gas of Ohio*, No. C2-99-1212, 2001 U.S. Dist. LEXIS 26286 (S.D. Ohio 2001) ("A number of cases have indicated that a creditor engages in a deceptive collection practice by attempting to collect a time-barred debt."); *Wright v. Asset Acceptance Corp.*, C-3-97-375, 1999 U.S. Dist. Lexis 20675 (S.D. Ohio, Jan. 3, 2000) ("courts have held that a debt collector violates [the FDCPA] by knowingly attempting to collect a time barred debt.").

Duffey contends that in the instant action, Defendants violated the FDCPA in this way because Count 1 of their state court action was filed outside of the applicable statute of limitations. Specifically, Duffey contends that Defendants' theft offense claim brought under Ohio Revised Code §§ 2307.60 and 2307.61, is subject to a one year statute of limitations found in the Ohio Revised Code 2305.11, which in relevant part provides "an action upon action upon a statute for penalty or forfeiture shall be commenced within one year after the cause of action accrued." (Doc. No. 66 at 5.) The theft offense statutes in relevant part provide:

> Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the

11

costs of maintaining the civil action and attorney's fees if authorized by any
provision of the Rules of Civil Procedure or another section of the Revised Code
or under the common law of this state, and may recover punitive or exemplary
damages if authorized by section 2315.21 or another section of the Revised Code.

Ohio Rev. Code 2307.60(A)(1).

§ 2307.61.  Property owner may recover for willful damage or theft; written
demand for payment

(A) If a property owner brings a civil action pursuant to division (A) of section
2307.60 of the Revised Code to recover damages from any person who willfully
damages the owner's property or who commits a theft offense, as defined in
section 2913.01 of the Revised Code, involving the owner's property, the property
owner may recover as follows:

(1) In the civil action, the property owner may elect to recover moneys as
described in division (A)(1)(a) or (b) of this section:

(a) Compensatory damages that may include, but are not limited to, the value
of the property and liquidated damages in whichever of the following amounts
applies:

(i) Fifty dollars, if the value of the property was fifty dollars or less at the time it
was willfully damaged or was the subject of a theft offense;

(ii) One hundred dollars, if the value of the property was more than fifty
dollars, but not more than one hundred dollars, at the time it was willfully
damaged or was the subject of a theft offense;

(iii) One hundred fifty dollars, if the value of the property was more than one
hundred dollars at the time it was willfully damaged or was the subject of a theft
offense.

(b) Liquidated damages in whichever of the following amounts is greater:

(i) Two hundred dollars;

(ii) Three times the value of the property at the time it was willfully
damaged or was the subject of a theft offense, irrespective of whether the property
is recovered by way of replevin or otherwise, is destroyed or otherwise damaged,
is modified or otherwise altered, or is resalable at its full market price. This
division does not apply to a check, negotiable order of withdrawal, share draft, or
other negotiable instrument that was returned or dishonored for insufficient funds

by a financial institution if the check, negotiable order of withdrawal, share draft, or other negotiable instrument was presented by an individual borrower to a licensee under sections 1321.35 to 1321.48 of the Revised Code for a loan transaction.

    (2) In a civil action in which the value of the property that was willfully damaged or was the subject of a theft offense is less than five thousand dollars, the property owner may recover damages as described in division (A)(1)(a) or (b) of this section and additionally may recover the reasonable administrative costs, if any, of the property owner that were incurred in connection with actions taken pursuant to division (A)(2) of this section, the cost of maintaining the civil action, and reasonable attorney's fees, if all of the following apply:

. . . .

(B) If a property owner who brings a civil action pursuant to division (A) of section 2307.60 of the Revised Code to recover damages for willful damage to property or for a theft offense attempts to collect the reasonable administrative costs, if any, of the property owner that have been incurred in connection with actions taken pursuant to division (A)(2) of this section, the cost of maintaining the civil action, and reasonable attorney's fees under authority of that division and if the defendant prevails in the civil action, the defendant may recover from the property owner reasonable attorney's fees, the cost of defending the civil action, and any compensatory damages that may be proven.

(C) For purposes of division (A)(2) of this section, a written demand for payment shall include a conspicuous notice to the person upon whom the demand is to be served that indicates all of the following:
. . . .

Ohio Rev. Code 2307.61(A)–(C).

    Duffey relies upon *Steinbrink v. Cleveland Elec. Illuminating Co.*, No. 66035, 1994 Ohio App. LEXIS 3756 (Ohio Ct. App. August 25, 1994), which clearly holds that Ohio Revised Code § 2307.60 is a penalty statute and is subject to the one year statute of limitations found in § 2305.11(A). *Id.* at *5 ("However, because R.C. 2307.60 contemplates a penalty, we find that R.C. 2305.11(A) is the applicable statute of limitations."); *see also Gray v. Newman*, 2008 WL 660552, *5 (Ohio App. 2008) (the dissent cites to *Steinbrink* for this proposition in his

explanation of why he was dissenting on another point).

Defendants, however, contend that (a) Duffey's claim that they violated the FDCPA by filing the collection action after the applicable statute of limitations passed is itself barred by the FDCPA's one year statute of limitations; (b) they did not allege a claim under §§ 2307.60 and 2307.61, which do not create a cause of action, and instead were alleging a claim for common law fraud that is subject to a four year statute of limitations; (c) alternatively, § 2307.61 is a remedial statute subject to a six year statute of limitations; and (d) even if they filed the claim outside of the applicable statute of limitations, they did not do so knowingly and are, therefore, relieved of liability.

### a. FDCPA's statute of limitations

Defendants argue that Duffey's claim that Winona violated the FDCPA by filing the collection action after the applicable statute of limitations passed is barred by the FDCPA's one year statute of limitations.  Section 1692k(d) of the FDCPA states that actions to enforce liability for violations of the FDCPA may be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  Defendants contend that the date the alleged violation occurred is December 1, 2009, the date on which they filed the state court collection action.  Because Duffey filed the instant FDCPA action on January 6, 2011, Defendants maintain that it is untimely.  Duffey, however, contends that the statute of limitations begins to run from the time of service, which was after January 6, 2010, and therefore, this action is not time barred.  Duffey's argument is well taken.

This Court has previously dealt directly with this issue and found that, although some courts from other jurisdictions have come to differing conclusions on the issue, "the Tenth

14

Circuit's reasoning in *Johnson v. Riddle*, 305 F.3d 1107 [(10th Cir. 2002)] [is] correct that the FDCPA statute of limitations begins to run at the time of service." *Langendorfer v. Kaufman*, No. 1:10-CV-00797, 2011 U.S. Dist. LEXIS 94100, at *7–8 (S.D. Ohio Aug. 23, 2011); *see also Polinsky v. Community Health Partners Regional Health Systems*, No. 1:10cv2544, 2012 U.S. Dist. LEXIS 31571 (N.D. Ohio March 9, 2012) (holding same).  The *Langendorfer* court reasoned that "[s]uch conclusion comports with the simple principle that due process requires notice.  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 ('An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections')."  2011 U.S. Dist. LEXIS 94100, at *8–9. It further opined:

> As indicated by the Southern District of Florida, "From a practical and fairness-oriented standpoint . . . the contrary view–that the statute of limitations runs from the filing of the debt collection lawsuit . . . regardless of the debtor's knowledge . . . would encourage unscrupulous debt collectors to hide their lawsuit from debtors and thereby shield themselves from liability under the Act." *Andrade v. Erin Capital Mgmt LLC*, No. 09-21186, 2010 U.S. Dist. LEXIS 50685, *4-5 (S.D. Fla. May 17, 2010).  Such a result would not comport with the interests of justice or the principles of due process.  Accordingly, the Court finds that the FDCPA statute of limitations was triggered in this case by service on Plaintiff, on March 10, 2010, such that this action was timely filed on November 12, 2010.

*Id.* at 9–10.  *See also Johnson*, 305 F.3d at 1114 ("a delay of service for an entire year (so that the debtor remained unaware of the lawsuit during that time) could cause the limitations period to run out before there was any opportunity for the debtor to bring suit under the FDCPA").

The Court finds no reason to depart from *Langendorfer's* holding, and therefore, finds that Duffey's FDCPA claim is not barred by the applicable  statute of limitations.

### b. Sections 2307.60 and 2307.61 and common law fraud

Defendants posit that Ohio Revised Code §§ 2307.60 and 2307.61 do not create a cause

of action, and instead are merely evidentiary statutes for admitting facts of conviction and certain

damages that a civil litigant may recover if a cause of action otherwise exists. *See Jasar*

*Recycling, Inc. v. Major Max Management Corp.*, 2010 WL 395212, * 7-8 (N.D. Ohio, Jan. 22,

2010); *Bryan v. Bank of Am. Home Loans Servicing, LP*, No. 3:10 CV 959, 2011 U.S. Dist.

LEXIS 131164 (N.D. Ohio Nov. 14, 2011).  That other cause of action, Defendants maintain,

must be based on the common law or a statutory right.  *See id.*  Defendants argue that Count 1 of

their state court complaint alleges a cause of action for common law fraud–not a stand-alone

claim under §§ 2307.60 and 2307.61.  Defendants' first count in their state court complaint in its

entirety reads:

Count 1

4.  Plaintiff incorporates paragraphs one (1) through three (3) as if the same were fully rewritten herein.

5.  ***This Count is brought pursuant to the provisions of Ohio Revised Code sections 2307.60 and 2307.61.***

6.  Defendant [Duffey] executed and tendered to Plaintiff's assignor check #1004, dated August 24, 2006, in the amount of $2,600.00 ("Check").

7.  [Duffey]'s Check was subsequently dishonored by [Duffey]'s financial institution.  A copy of the Check is attached hereto as Page 3 of Exhibit A.

8.  Upon notification of [Duffey]'s financial institution's dishonor of the Check, Plaintiff and/or Plaintiff's assignor made demand upon [Duffey] to pay the Check and [Duffey] has failed to do so.

9.  Plaintiff also alleges that Defendant has committed a 'theft offense' as that term is defined by Section 2913.01(K) [(defining a theft offense as encompassing 2913.11)] and 2913.11 [(passing bad checks)] of the Ohio Revised Code.  Specifically, Plaintiff alleges that [Duffey], with purpose to defraud, issued or transferred, or caused to be issued or transferred, a check or other negotiable

16

instrument, a copy of which is attached hereto as Page 3 of Exhibit A, to Plaintiff's assignor, knowing that it would be dishonored or knowing that a person h as ordered or will order stop payment o the check or other negotiable instrument.

10.  Plaintiff and/or Plaintiff's assignor is/are a 'property owner' as that term is used in **Section 2307.61** of the Ohio Revised Code.

11.  That the value of the property that was the subject of the theft offense is less than five thousand dollars ($5,000.00).

12.  Plaintiff, at least thirty (30) days prior to the filing of the instant action, served upon the [Duffey] a written demand for payment of monies as described in **Section 2307.61(A)(1)(a)** of the Ohio Revised Code, plus the reasonable administrative costs of the Plaintiff which have been incurred in connection with the actions taken pursuant to the provisions of **Section 2307.61(A)(2)** of the Ohio Revised Code, a copy of which is attached hereto as Exhibit A.

13.  Said written demand conforms to the requirements of division (C) of **Section 2307.61** of the Ohio Revised Code and was sent by certified mail, return receipt requested (see Exhibit B).

14.  That [Duffey] did not make payment to Plaintiff, as the property owner, of the amount specified in the written demand within thirty (30) days after the date of its service upon him/her and did not enter into, and/or keep, an agreement with Plaintiff, as the property owner, for the payment thereof during that thirty (30) day period.

15.  As a direct and proximate result of the conduct of Defendant, as described herein, the Plaintiff has sustained injury and damage.

16.  The facts set forth in this complaint, particularly those in paragraphs 9 through 15 hereof entitle Plaintiff, pursuant to Ohio Revised Code **§ 2307.60(A)(1)** and **§ 2307.61(A)(2)**, to recover, in addition to the base and liquidated damages set forth in Ohio Revised Code **§ 2307.61(A)(1)**, reasonable administrative costws and reasonable attorney's fees, which it states are $27.28 and $300.00 respectively, in this case.

17.  The amount still due and owing on said check in $2,600.00.  In addition thereto, Plaintiff is entitled, pursuant to Ohio Revised Code **§ 2307.60(A)(1) and § 2307.61(A)(1) and (2)**, liquidated damages of $5,200.00; reasonable administrative costs of $27.28; bank fees of $8.00; and reasonable attorney's fees of $300.00; plus court costs incurred, and interest at the statutory judgment rate from the date of judgment.

. . . .

> WHEREFORE, pursuant to Ohio Revised Code **sections 2307.61(A)(1)(a)**
> Plaintiff demands judgment against [Duffey] for the sum of $8,135.28, calculated
> as follows: the amount still owed on the check of $2,600.00, bank fees of $8.00,
> and liquidated damages of $5,200.00, all pursuant to Ohio revised Code §
> **2307.60(A)(1)** and **§ 2307.61(A)(1)**; and reasonable administrative costs of $27.28
> and reasonable attorney's fees of $300.00, both pursuant to Ohio Revised Code §
> **2307.60(A)(1) and § 2307.61(A)(2)**, plus court costs incurred, interest at the
> statutory judgment rate from the date of judgment . . . .

(Doc. No. 66-6) (first emphasis added).

Assuming *arguendo* that the Court agrees with the Northern District of Ohio cases upon

which Defendants rely, and finds that §§ 2307.60 and 2307.61 do not provide a stand-alone claim

and instead set forth an evidentiary standard, such a conclusion would still not save Defendants'

claim here.  That is because in Count 1 Defendants clearly attempt to allege a stand-alone claim

under §§ 2307.60 and 2307.61 and not a claim for common law fraud.  The Count, set out *supra*,

indicates unequivocally that it "is brought pursuant to the provisions of Ohio Revised Code

sections 2307.60 and 2307.61."   Further, throughout the Count it tracks the language of the theft

offense statutes and specifies the sections of that statute upon which the damages are sought.

Moreover, even reading the complaint liberally, and not holding it to Ohio's more demanding

pleading requirements when pleading fraud, Count 1 does not sufficiently allege a claim for fraud,

which requires:

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b)
> which is material to the transaction at hand, (c) made falsely, with knowledge of its
> falsity, or with such utter disregard and recklessness as to whether it is true or false
> that knowledge may be inferred, (d) with the intent of misleading another into
> relying upon it, (e) justifiable reliance upon the representation or concealment, and
> (f) a resulting injury proximately caused by the reliance.

*Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St. 3d 54, 56  (Ohio 1987) (citations omitted).

18

Defendants rely upon paragraph 9 of their state court complaint to support their contention

that they have alleged a claim for common law fraud:

> Specifically, Plaintiff alleges that [Duffey], with purpose to defraud, issued or
> transferred, or caused to be issued or transferred, a check or other negotiable
> instrument, a copy of which is attached hereto as Page 3 of Exhibit A, to Plaintiff's
> assignor, knowing that it would be dishonored or knowing that a person has
> ordered or will order stop payment of the check or other negotiable instrument.

(Doc. No. 66-6.)

This language does nothing more that track the language in the statute making the passing

of bad checks a crime.  Section 2913.11, which makes passing bad checks a crime reads: "No

person, with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check

or other negotiable instrument, knowing that it will be dishonored or knowing that a person has

ordered or will order stop payment on the check or other negotiable instrument."  Ohio Rev. Code

§ 2913.11.  To bring a claim under §§ 2307.60 and 2307.61, a plaintiff is required to allege that he

or she was injured by a specified criminal act, of which passing bad checks is one.  Therefore, as

opposed to supporting a claim for fraud, Paragraph 9 supports the conclusion that Defendants

were alleging a stand-alone claim under §§ 2307.60 and 2307.61.

### b. Remedial statutes

Alternatively, Defendants attempt to show that Count 1 was not filed outside of the

applicable statute of limitations by arguing that, "[e]ven if §§ 2307.60 and 2307.61 create causes

of action, [Duffey]'s reliance on the one year statute of limitation under R.C. § 2305.11(A) is

incorrect."  (Doc. No. 72 at 5.)  Instead, Defendants assert, the applicable statute of limitations is

the six year period from Ohio Revised Code § 2305.07, which applies to remedial statutes.

Defendants rely upon *Rosette v. Countrywide Home Loans, Inc.*, 105 Ohio St.3d 296, 298-299

19

(2005), wherein the defendant argued that an action under Ohio Revised Code § 5301.36(C), which permits a "recovery, in a civil action, damages of two hundred fifty dollars," was subject to the one year statute of limitations in § 2305.11(A). The Supreme Court of Ohio concluded that the action was subject to the six year statute of limitations because § 5301.36(C) expressly provided the ability to sue for damages in a civil action, and was therefore, not a penalty statute subject to the one year statute of limitations. Defendants argue that the same is true here:

> Section 2307.61(A)(1) and (2) clearly provide for liquidated damages, administrative costs, and fees under provisions of compensatory damages. Thus, R.C. § 2307.61 provides for damages, not a penalty. *Rosette*, 105 Ohio St.3d at 298-299; *Lake Ridge Academy*, 66 Ohio St.3d at 382. As a result, Winona's collection action was based on a remedial statute pursuant to R.C. § 2305.07, which provides a six year statute of limitations.

(Doc. No. 72 at 9.)

This Court disagrees. In *Rosette*, the Ohio Supreme Court looked at the language of the statute at issue, which allotted "damages," and determined that it was not "an action upon a statute for a penalty or forfeiture," which would have led to the same one-year statute of limitations Duffey argues for here. The court later elaborated on this point in *Cleveland Mobile*, distinguishing *Rosette* on the ground that the statutory language, "damages of $250," did not indicate an intent to impose a "forfeiture" or "penalty," but that the statute in the *Cleveland Mobile* case, imposing treble damages, did. 113 Ohio St.3d at 397. Because the applicable statute in the current case imposes treble damages, *i.e.*, "liquidated damages . . . [of] [t]hree times the value of the property," Ohio Rev. Code § 2307.61(A)(1)(b)(ii), the legislative intent is clear – it is a penalty or forfeiture statute and the one year statute of limitations applies.

The Sixth Circuit requires this Court to follow the Ohio Supreme Court's decisions and also to follow the determinations of state appellate courts unless it is "convinced by other data that

20

the state's higher court would determine otherwise." *Herrera v. Churchill McGee, LLC*, 680 F.3d 539, 544 (6th Cir. 2012). Thus, the Court is bound by the *Rosette* and *Cleveland Mobile* in its analysis of whether §§ 2307.60 and 2307.61 are penalty statutes. And, based in part on the Court's analysis in the previous paragraph related to *Rosette* and *Cleveland Mobile*, the Court is not convinced that the Ohio Supreme Court would overrule *Steinbrick*, which held that Ohio Revised Code Section 2307.60 is a penalty statute subject to the one year statute of limitations in § 2305.11(A). *See also In re Gillis*, 293 B.R. 134, 2002 Bankr. LEXIS 1703 (N.D. Ohio 2002) ("Section 2913.11 of the Ohio Revised Code, . . . 'Passing Bad Checks,' . . . , O.R.C. § 2307.61 creates a civil cause of action for any party aggrieved by a person's violation of § 2913.11." ).

Nor do Defendants' arguments convince the Court otherwise:

> [Duffey] relies upon *Steinbrink v. Cleveland Elec. Illuminating Co.*, 1994 WL 463817, * 2 (Ohio App. 8 Dist.,1994) for the position that the one year statute of limitations under R.C. § 2305.11(A) applies to an action under R.C. § 2307.60. *See* [Duffey]'s Motion, pp. 5-6. The decision in *Steinbrink* ignores the plain language of R.C. § 2307.60 and R.C. § 2305.11(A). The Court in *Steinbrink* incorrectly reasoned that "[i]t is unclear from appellant's complaint as to whether R.C. 2315.21 would apply to allow him punitive damages against appellees if the facts were fully discovered. However, because R.C. 2307.60 **contemplates** a penalty, we find that R.C. 2305.11(A) is the applicable statute of limitations." 1994 WL 463817, * 2. (emphasis added). Section 2305.11(A) governs an "action **upon a statute for a penalty**," not an action based on a statute that supposedly "contemplates a penalty." (emphasis added).

> An "action upon a statute for a penalty" pursuant to R.C. § 2305.11(A) is based on a statute that provides the inherent authority for the penalty. *See e.g. State ex rel. Hunter v. City of Alliance*, 2002 WL 391692, * 2 (Ohio App. 5 Dist., March 11, 2002) (applying R.C. § 2305.11(A) to "a civil action to recover a forfeiture" pursuant to R.C. § 149.351(B)(2); *Lynch v. Dial Finance Co. of Ohio No. 1, Inc.*, 656 N.E.2d 714, 717 (Ohio App. 8 Dist., 1995) (applying R.C. § 2305.11(A) to an action under R.C. § 1321.56 which requires a violator of the Second Mortgage Loan Act to "forfeit to the borrower twice the amount of charges contracted for…"); *Kanally v. Ameritech Ohio Co.*, 2008 WL 4068185, *3 (Ohio App. 8 Dist., Sep 8, 2008)(applying R.C. § 2305.11(A) to an action under R.C. § 4905.61, which provides for "treble the amount of damages sustained").

21

(Doc. No. 72 at 7–8) (emphases in original).

The Court is not persuaded by Defendants' first argument, *i.e.*, that *Steinbrink* should not be followed because it ignores the plain language of the statutes at issue. Defendants focus on the *Steinbrink* court's statement that § 2307.60 "contemplates a penalty," arguing that § "2305.11(A) governs an 'action upon a statute for a penalty,' not an action based on a statute that supposedly 'contemplates a penalty.'" *Id.* This parsing of language illuminates a distinction without a difference. That is, the *Stenbrink* court was clearly indicating that it found § 2307.60 to be a statute for a penalty to which § 2305.11(A) applies.

Defendants next argument appears to be that § 2305.11(A) applies only to a statute that provides the inherent authority for the penalty, which 2307.60 does not. However, Defendants brought their claim under both §§ 2307.60 and 2307.61. Section 2307.61 without question provides inherent authority for the penalty. Ohio Rev. Code § 2307.61 (providing for treble and punitive damages).

### c. Knowingly filing suit outside of statute of limitations

Defendants argue that, even if this Court finds that it filed the state court collection action outside of the statute of limitations, it did not violate the FDCPA because it did not knowingly do so. Defendants rely on two cases from this Court, *Canterbury v. Columbia Gas of Ohio*, 2001 WL 1681132 and *Wright v. Asset Acceptance Corp.*, 2000 WL 3321603, which both stated that attempts to collect a debt that is known to be time barred is a deceptive practice under the FDCPA. Defendants conclude that, because there is "a genuine legal dispute as to the applicable statute of limitations" that applied to their theft offense claim, Defendants did not knowingly file a time barred complaint. (Doc. No. 65 at 19) (citing *Uche v. North Star Capital Acquisition, LLC*,

No. 4:09CV3123, 2011 WL 978240, * 2 (D. Neb. March 17, 2011) (not a deceptive practice under

the FDCPA claim because Nebraska law is unsettled on the question of the appropriate statute of

limitations that applied to the state court action); *Almand v. Reynolds & Robin, P.C.*, 485 F.

Supp.2d 1361, 1364 (M.D. Ga., 2007); *Simmons v. Miller*, 970 F. Supp. 661, 664 (S.D. Ind.1997);

*Lindbergh v. Transworld Systems, Inc.*, 846 F. Supp. 175, 179 (D. Conn.1994) (the defendant's

motion for summary judgment granted where the plaintiff debtor produced no specific evidence

"suggesting that the defendant actually knew or should have known that the collection of the

plaintiff's debt was time-barred.")). Defendants' arguments are not well taken.

First, while this Court has indicated that to violate the FDCPA a party must knowingly file

a time-barred claim, it did not address the definition of "knowingly." In the instant action,

Defendants do not claim ignorance of the date of the debt or the date of the filing of the

complaint, *i.e.*, mistakes of fact. Instead, Defendants claim that they made a mistake as to the law

that was applicable to their claim. However, the term "knowingly" does not generally include

mistake or ignorance of the law. *See  Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*,

130 S.Ct. 1605, 1611–12 (2010) ("the general rule [is] that mistake or ignorance of law is no

defense" and "[w]e have long recognized the 'common maxim, familiar to all minds, that

ignorance of the law will not excuse any person, either civilly or criminally'"); *In re Kuhlmann*,

99 Ohio App. 3d 44, 50 (Ohio Ct. App. 1994) ("Everyone is presumed to know the law; ignorance

of its dictates is not ground for relief from its application.").

As to Defendants' second argument, the Court disagrees that "a genuine legal dispute as to

the applicable statute of limitations" is present here. The cases cited by Defendants stand for the

proposition that FDCPA liability cannot be based on unclear state law related to the appropriate

statute of limitations. Here, however, as the Court explained *supra*, the law in Ohio is not unclear. *Steinbrink* unequivocally held that Ohio Revised Code § § 2307.60 is a penalty statute subject to the one year statute of limitations in § 2305.00(A) of the Revised Code. 1994 Ohio App. LEXIS 3756, at *5. Defendants' belief that the case was wrongly decided does not change this fact. Further, Defendants' after-the-fact attempts to frame their theft offense claim as one for common law fraud fails for the reasons explained above. Defendants' state court complaint could not be clearer that they were attempting to bring a stand-alone theft offense claim pursuant to §§ 2307.60 and 2307.61. The Ohio Supreme Court too was unambiguous as to the criteria upon which it relies in determining whether a statute is a penalty statute and § 2307.61 fits comfortably in the penalty statute category. Thus, unlike the cases upon which Defendants rely, in the instant action Defendants either knew or should have known that claims brought pursuant to §§ 2307.60 and 2307.61 are subject to the one year statute of limitations in § 2305.11(A).

### d. Conclusion of "Filing Claim Outside of Limitations Period"

The Court finds that even when construing the evidence in the light most favorable to Defendants and drawing all reasonable inferences in their favor, Duffey has shown that there is no genuine issue of material fact as to the liability portion of Duffey's second claim for relief and that he is entitled to judgment as a matter of law on that portion of that claim.

### B. OCSPA

The OCSPA may be violated independently of the FDCPA if a plaintiff provides additional evidence to sustain those claims. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 403 (6th Cir. 1998) ("While it is true that the OCSPA could have been violated independently, he did not provide any additional evidence to sustain those claims. He simply relied on the asserted

violations of the FDCPA to support his OCSPA claims.")  Here, Duffey admits that he did not provide any additional evidence directed at his OCSPA claims.  Therefore, Duffey's OCSPA claims rise and fall with his FDCPA claims.

## IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** the Pope Defendants' Motion for Summary Judgment (Doc. No. 64) and Defendant Winona Holdings' Motion for Summary Judgment (Doc. No. 65), and **GRANTS** Plaintiff Duffey's Motion for Partial Summary Judgment (Doc. No. 66).  Specifically, the Court:

(1) **GRANTS** Defendants' requests for summary judgment on Duffey's claim that Defendants violated the FDCPA and the OCSPA by making false, deceptive, confusing or misleading representations in the collection case filed against him in the Franklin County Municipal Court;

(2) **DENIES** Defendants' request for summary judgment on Duffey's claim that Defendants violated the FDCPA and the OCSPA by filing time-barred collection suits; and

(3) **GRANTS** Duffey's request for summary judgment on the liability portion of his claim that Defendants violated the FDCPA and the OCSPA by filing time-barred collection suits.

The remaining issue before the Court is the determination of damages.  The Court shall schedule a status conference forthwith to discuss this issue.

_9 - 25 - 2012_
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

25