UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELI J. DUFFEY,

    Plaintiff,

v.

GREGORY S. POPE, et al.,

    Defendants.

Case No. 2:11-cv-16
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend/Correct and Modify Class Definition (Doc. No. 83), Defendant Winona Holdings, Inc.' Motion to Deny Class Certification (Doc. No. 84), and Defendants Gregory S. Pope, Pope Law Offices, LLC.'s (the "Pope Defendants") Motion to Deny Class Certification (Doc. No. 85). For the reasons set forth below, the Court **DENIES** Plaintiff's motion and **GRANTS** both the Pope Defendants' and Winona Holdings' motions.

### I. BACKGROUND

On August 24, 2006, Plaintiff Eli J. Duffey ("Duffey") purchased a used vehicle from Budget Car Sales, a business located in Franklin County, Ohio. Duffey paid a $2,600 down payment with a check drawn on his bank account, which was returned for insufficient funds.

On December 6, 2006, Defendant Winona Holdings purchased Duffey's dishonored check from Budget Car Sales. Winona Holdings made several unsuccessful attempts to collect on the check. Winona Holdings retained the Pope Defendants to attempt to collect on Duffey's dishonored check. The Pope Defendants too unsuccessfully attempted to collect on the

dishonored check. On December 1, 2009, the Pope Defendants filed a collection complaint on behalf of Winona Holdings in the Franklin County Municipal Court captioned *Winona Holdings, Inc. v. Eli J. Duffey*, Case No. 2009 CVF 052504. (Doc. No. 66-6.)

On January 6, 2011, Duffey brought this action on behalf of himself and three classes of similarly situated persons pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code §§ 1345.01 *et seq.* In his complaint, Duffey alleges that the Pope Defendants and Winona Holdings (together "Defendants") engaged in unfair debt collection practices by (1) incorrectly listing Budget Car Sales as the plaintiff in some of the filings made in the state court collection action, (2) filing a debt collection action that was barred by the applicable statute of limitations, and (3) filing the collection action in an improper venue. Duffey ultimately withdrew his claim related to improper venue.

On November 2, 2011, Duffey moved for class certification. (Docs. No. 30.) On May 30, 2012, the Pope Defendants moved for summary judgment on both of Duffey's claims for relief (Doc. No. 64), and Winona Holdings moved for summary judgment on both of Duffey's claims for relief (Doc. No. 65). Also on May 30, 2012, Duffey moved for summary judgment on the liability aspect of his claim for relief related to filing the collection suit against him outside of the applicable statute of limitations. (Doc. No. 66.)

This Court issued its decision granting in part and denying in part the Pope Defendants' and Winona Holdings' motions and granting Duffey's motion.[1] Specifically, the Court granted

---

[1]The Sixth Circuit has "consistently held that a district court is not required to rule on a motion for class certification before ruling on the merits of the case." *Miami Univ. Wrestling Club v. Miami Univ.*, 302 F.3d 608, 616 (6th Cir. 2002) (citing *Sprague [v. GMC]*, 133 F.3d

2

Defendants' requests for summary judgment on Duffey's claim that Defendants violated the FDCPA and the OCSPA by making false, deceptive, confusing or misleading representations in the collection case filed in the Franklin County Municipal Court; denied Defendants' request for summary judgment on Duffey's claim that Defendants violated the FDCPA and the OCSPA by filing a time-barred collection suit; and granted Duffey's request for summary judgment on the liability portion of his claim that Defendants violated the FDCPA and the OCSPA by filing a time-barred collection suit. Consequently, the only remaining issues before the Court are the amount of damages due to Duffey for Defendants' filing the collection suit against him outside of the applicable statute of limitations and whether that issue is appropriate for class action treatment.

On September 25, 2012, the Court issued its decision denying without prejudice Duffy's request for class certification. The Court ordered further briefing on that issue, which is now complete.

## II. ANALYSIS

In the Court's previous decision on class certification, it explained that Duffey's proposed class definition "is unworkable because the class members cannot be determined except through individual factual inquiries regarding the commencement and expiration of a statute of limitations in the underlying state court cases." (Doc. 80 at 6.) The Court, however, indicated that it was inclined to modify the class definition in a way similar to what was done by this Court in *Stewart v. Cheek & Zeehandelar, LLC*, 252 F.R.D. 387 (S.D. Ohio 2008). The Court

---

[388,] 397 [(6th Cir. 1998)]; *Jibson v. Mich. Educ. Ass'n-NEA*, 30 F.3d 723, 734 (6th Cir. 1994)).

3

explained that, while the new definition would not save certification of a damages class under Rule 23(b)(3) of the Federal Rules of Civil Procedure, it may present an appropriate definition for certification of an equitable relief class under subsection (b)(2) of Rule 23.[2] The Court suggested a modified (b)(2) class definition that eliminates any reference to the date of dishonor of the check by removing the sentence "defendants filed the complaint more than 12 months after the 'date of dishonor' for the check at issue." The resulting class definition is as follows:

> [A]ll persons against whom defendants filed a complaint in an Ohio state court that is substantially similar to the complaint attached hereto as Exhibit A [*Winona Holdings, Inc. v. Eli J. Duffey*, Case No. 2009 CVF 052504]; and the person received the complaint at any time after January 6, 2009;

The Court directed the parties to address the impact the modified definition would have on a declaratory relief class under Rule 23(b)(2), informing their arguments by *Stewart v. Cheek & Zeehandelar, supra.* Specifically, the Court explained that in *Stewart*, the plaintiff proposed her Rule 23(b)(2) class definition as:

> [A]ll consumers who have been subject to an order of garnishment or attachment of exempt property or funds, whether temporary or permanent, based on an affidavit signed by any principal, partner, or employee of defendant Cheek & Zeehandelar, at any time on or after August 24, 2004.

252 F.R.D. at 392. The court found that the definition did not propose an ascertainable class

---

[2] The Court recognizes that, based on the statutory text of the FDCPA, it appears as though injunctive relief is not authorized. However, corresponding declaratory relief has been allowed in FDCPA cases by several district courts within the Sixth Circuit, including this Court. *See Stewart v. Cheek & Zeehandelar, LLC*, 252 F.R.D. 387; *Tedrow v. Cowles*, No. 06-637, 2007 U.S. Dist. LEXIS 67391, at *24 (S.D. Ohio Sept. 12, 2007); *Mann v. Acclaim Fin. Servs.*, 232 F.R.D. 278 (S.D. Ohio 2003); *Foster v. D.B.S. Collection Agency*, No. 01–CV–514, 2002 WL 484500 (S.D. Ohio March 26, 2002); *Edwards v. McCormick*, 196 F.R.D. 487 (S.D. Ohio 2000); *Carroll v. United Compucred Collections*, No. 1-99-0152, 2002 U.S. Dist. LEXIS 25032, 2002 WL 31936511 (M.D. Tenn. Nov. 15, 2002); *Gradisher v. Check Enforcement Unit, Inc.*, 203 F.R.D. 271, 280 (W.D. Mich. 2001).

4

because, similar to the class proposed in the instant action, membership in the class could not be determined except through individualized factual inquiries. The court explained that it would have been required "to resolve whether the property or funds of each putative class member was actually exempt from garnishment or attachment just to determine whether that person is included within the class." *Id.* Instead of denying certification, the *Stewart* court exercised its discretion and modified the class definition to eliminate any reference to "exempt property or funds." *Id.* (citations omitted). The Court then certified a (b)(2) injunctive relief class utilizing its modified class definition.

The Pope Defendants argue the nature of the violation in *Stewart* is distinguishable from the one in the instant case:

> In this case, the Court has held that Defendants are liable for violating the Fair Debt Collection Practices Act by filing a claim against Plaintiff Eli J. Duffey beyond the applicable one-year limitations period. (Doc. #80). The Court, however, recognized in its Order and Opinion on Plaintiff's Motion for Class Certification that the one-year statute of limitations under R.C. § 2305.11(A) may be tolled pursuant to R.C. § 2305.15(A) if an individual is "out of state, has absconded or concealed self." The Court also recognized that the limitations period could be extended under R.C. § 2305.15(B) if an individual is "imprisoned for the commission of any offense." Finally, the Court recognized that the one-year limitations period is subject to the "discovery rule," which could extend the statute of limitations beyond one year from the date the check was dishonored depending upon when the payee knew or should have known about the dishonored check.
>
> An analysis of these three legal issues will be necessary for each individual class member as long as the liability of the Defendants in this case under the Fair Debt Collection Practices Act is tied to the filing of a lawsuit beyond the statutes of limitations. In other words, the Court cannot avoid looking at the individual circumstances of each member of a proposed (b)(2) class to determine if that person is, in fact, a member of the class because suit had been filed against him or her beyond the one-year limitations period or if that person is not a member of the class because the limitations period had been extended by tolling or by discovery. Under these circumstances, a (b)(2) class cannot be certified because the claims of each class member are not cohesive.

5

(Doc. No. 85 at 5-6) (relying on *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2557 (2011) (the "key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted–the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'") (citation omitted)). The Pope Defendants' arguments are well taken.

The nature of the violation in *Stewart* is dispositively distinguishable to the narrow issue before this Court. By removing the requirement that the (b)(2) class consist of only those individuals whose property was exempt, the *Stewart* court modified the class definition so that the class included all individuals against whom the defendants filed court cases. The court did not find this definition overinclusive because the underlying relief was directed at the defendant's "common course of conduct of failing to perform adequate investigation prior to attesting to courts that the property it seeks to attach is not exempt from such attachment under either Ohio or federal law." 252 F.R.D. at 392. The conduct at issue in *Stewart* – failing to perform an adequate investigation – effected every member of the injunctive relief class regardless of whether their property was exempt or not. The *result* of the conduct – improperly filing against individuals with exempt property – did not effect every member of the injunctive relief class.

In contrast, the conduct at issue in the instant action – filing untimely collection actions – does not effect every member of the proposed injunctive relief class. It is not disputed that after an individual analysis of each of the putative class members' cases, some would likely have been timely filed. Therefore, unlike the modified class in *Stewart*, the modified class definition here does not effect every member of the class, leaving this Court to engage in individual analyses to determine membership into the requested class. Duffey's arguments do not persuade the Court

6

otherwise.

Duffey suggests that the fact that only some of the class members have had untimely collection actions filed against them is of no moment in the Court's analysis, quoting *McGee v. E. Ohio Gas Co.*, 200 F.R.D. 382, 391 (S.D. Ohio 2001) for the following:

> It is hard to imagine a proposed class more appropriate for (b)(2) certification than the one presently before the Court. East Ohio is charged with having a policy and/or practice of violating the ECOA and Ohio law by discriminating against credit applicants on the basis of their marital status. The putative class petitions for this Court to command East Ohio to cease doing so. Effectively, the putative class seeks a judgment "settling the legality of the behavior with respect to the class as a whole." *Id.* That Linda McGee may be the only member of the class actually to have suffered an allegedly illegal consolidation is of no moment here, "provided it [was] based on grounds which have general application to the class." *Id.*

(Doc. No. 86 at 4) (emphasis in original).

This quote, however, highlights the differentiation between this case and those, like *McGee* and *Stewart*, that are appropriately certified as (b)(2) classes. That is, the action that had general application to the *McGee* class is the defendant's policy of discrimination – not the illegal consolidation of her account with her husband's account. Thus, the equitable relief requested was for the defendant to stop enforcement of the allegedly illegal policy. The equitable relief requested would redound to the benefit of every member of the class, regardless of whether their account was consolidated with their spouse's account or not.

Similarly, the equitable relief requested in *Stewart* was to discontinue the policy or practice of failing to investigate to determine whether the individual debtor's property was exempt before filing suit. This relief works to the benefit of every class member regardless of whether their property was exempt or not. In neither *McGee* nor *Stewart* was the equitable relief directed at the consequences of the illegal conduct, *i.e.*, the filing of court cases on exempt

7

property or consolidation of gas accounts. Therefore, no individual assessments were necessary. That is simply not the case here. As the Pope Defendants correctly point out, as long as the liability of Defendants is tied to the filing of a lawsuit beyond the statutes of limitations there must be an individualized determination made. There is no underlying policy or practice about which Duffey complains. Any equitable relief given would therefore necessarily redound only to the benefit of the class members who had untimely collection actions filed against them and would have no effect on or benefit to the members whose collection actions had been timely filed.

Accordingly, the Court finds that the modified definition does not present an ascertainable or cohesive class appropriately certified under Rule 23(b)(2).

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Amend/Correct and Modify Class Definition (Doc. No. 83), **GRANTS** Defendant Winona Holdings, Inc.' Motion to Deny Class Certification (Doc. No. 84), and **GRANTS** Defendants Gregory S. Pope, Pope Law Offices, LLC.'s (the "Pope Defendants") Motion to Deny Class Certification (Doc. No. 85).

**IT IS SO ORDERED.**

\_\_\_1-2-2013_____
**DATE**

\_\_\_\_/s/_____
**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**